**Opinion filed July 10, 2026**



# In The

# Eleventh Court of Appeals

_____

## No. 11-25-00013-CR

_____

## SHADAVIA NYKEITHA MOTTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 369th District Court**
**Leon County, Texas**
**Trial Court Cause No. 23-0061CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Shadavia Nykeitha Motton, originally pleaded guilty to continuous violence against a person with whom she has or has had a dating relationship, a third-degree felony.[1]  *See* TEX. PENAL CODE ANN. § 25.11(a), (e) (West Supp. 2025);

---

[1]This appeal was transferred to this court from the Tenth Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2025).

TEX. FAM. CODE ANN. § 71.0021(b) (West 2019). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court placed Appellant on deferred adjudication community supervision for a period of six years. The State subsequently filed a motion to adjudicate Appellant's guilt alleging that she had violated the conditions of her community supervision. At the hearing on the State's motion, Appellant pleaded "not true" to all except one of the violations alleged. Upon the conclusion of the contested hearing, the trial court found the allegations to be "true," adjudicated Appellant guilty, revoked her community supervision, and assessed her punishment at imprisonment for four years in the Institutional Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of her right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and likewise conclude that the appeal is without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App.

2005).  Appellant pleaded "true" to one of the violations alleged, which the trial court accepted and found to be "true."  We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order.  *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd).  In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke community supervision.  *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).  Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[2]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


July 10, 2026

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.